# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa Division

| | |
|---|---|
| Jason A Jensen<br>*Plaintiff(s)*<br><br>-v-<br><br>Baycare Medical Group,<br>Circles of Care,<br>Mercy Marian Center,<br>Ascension All Saints Hospital,<br>Springbrook Hospital,<br>North Tampa Behavior Health,<br>Virginia Hospital Center.<br>*Defendant(s)* | Case No. 8:20-CV-337-T-30JSS<br><br>Jury Trial: ☒ Yes ☐ No<br>CLERK OF COURT IS ORDERED TO DESIGNATE PETITIONERS DEMAND FOR JURY TRIAL IRREGARDLESS OF ANY COURT RULES AND/OR PROCEDURES<br><br>JURY TRIAL DEMANDED UNEQUIVOCALLY<br><br>2020 FEB 12 PM 12:33<br>CLERK US DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>TAMPA FLORIDA<br>FILED |

## [PETITION OF] COMPLAINT [FOR AMERICANS WITH DISABILITIES ACT BASED VIOLATIONS OF DISCRIMINATION]

**Petitioner's Background**

    Mr. JENSEN was not a Professional at Law. JENSEN preferred consistent systems such as computing. At the height of JENSEN's career JENSEN was an Industrial Automation Engineer and worked, under contract, for some of the largest Corporations in the world on systems which controlled the entire factory. At one time JENSEN was trusted with safety systems in explosion class facilities with control of billions of dollars worth of



Page 1 of 6

hardware. JENSEN even interviewed with Intel and was once inside NASA on a project. That all changed the minute a psychiatrist diagnosed JENSEN bipolar in approximately 20 minutes. A lifetime of effort destroyed in an instant because it suited others. JENSEN is sure the $3000/day billed to be warehoused in a dump is no factor. It would have been better for JENSEN's mental state to stay at the Walldorf Astoria in New York for those costs. And there is no challenge nor due process in such a situation. If you have doubts, in Missouri, try to file Writ of Habeas Corpus with a rubber pencil because you were Civilly Committed and no help. However, this Complaint is about the lack of Visitation Rights while receiving this "mandatory care" that evermore is akin to a Prison in Medical Veils to Avoid Jurisprudence.

**Statement of Parties**

**Plaintiff**

JENSEN is a lawful resident of Florida without an address as he resides in a Motorhome and moves frequently to take advantage of Membership Park rental rates and to avoid Mental Health Stigma. JENSEN's Social Security and Familial Natural Law/Common Law Trust of Property is in his father's name and address of 6 Arrowhead Rd, Kimberling City, MO 65686 but JENSEN's Driver's license and Primary State of Residence is in Florida with his Uncle's House at 12912 Kellywood Circle, Hudson, Fl, 34669.

**Defendants (the "Accused")**

Baycare Medical Group has a place of Mental Health Treatment including Involuntary Civil Commitment at 8002 King Helie Blvd, New Port Richey, FL 34653.

Circles of Care has a place of Mental Health Treatment including Involuntary Civil Commitment at 880 Airport Blvd, Melbourne, FL 32901.

Mercy Marian Center has a place of Mental Health Treatment including Involuntary Civil Commitment at 1845 S Rogers Ave, Springfield, MO 65804.

Ascension All Saints Hospital has a place of Mental Health Treatment including Involuntary Civil Commitment at 1320 Wisconsin Ave, Racine, WI 53403.

Springbrook Hospital has a place of Mental Health Treatment including Involuntary Civil Commitment

at 7007 Grove Rd, Brooksville, FL 34609.

North Tampa Behavior Health has a place of Mental Health Treatment including Involuntary Civil Commitment at 29910 State Rd 56, Wesley Chapel, FL 33543.

Virginia Hospital Center has a place of Mental Health Treatment including Involuntary Civil Commitment at 1701 N George Mason Dr, Arlington, VA 22205.

**Diversity of Parties Demands Exclusive Federal Jurisdiction under Interstate Commerce and the Commerce Clause**

The accused reside in Florida, Missouri, Virginia, and Wisconsin giving rise to Federal Jurisdiction due to Diversification of Parties.

**Federal Questions Brings Rise to this Court's Jurisdiction**

This Petition of Complaint is based entirely of Subchapter II, insofar, as the State has extended Immunity, Parens Patrie and Police Power to the Accused, and Subchapter III of the Americans with Disabilities Act as it covers the remainder of the Accused's activities as a Public Accommodation. Each one of the Accused is a member of the Class of Mental Health Inpatient Medical Treatment Facility or closest legal equivalent Class of the Jurisdiction or Context as applied-as various State and Federal Laws and Regulations have different compound words to designate the licensing schemes for such Public Services and Accommodations.

**American with Disabilities Act - Subchapter II – Public Services**

Insofar as the State has extended Parens Patrie, Policing, and Immunity Powers, as "other [instrumentalities] of a State" (See 42 U.S. Code § 12131), to the Accused the Petitioner/Plaintiff believes that this is sufficient to show a State Nexus with a Person such as a Corporation which cannot be used to Circumvent the Obligations of the State under the Americans with Disabilities Act ("ADA") (See Title 42 Chapter 126 Subchapter III of the United States Code of Federal Statutes) which is made redundant into Federal Code of Regulations by 42 U.S. Code § 12205a.

Most Importantly, 42 U.S. Code § 12132 titled "Discrimination" restricts States from Discriminating

Against the Disabled with the following Language:

*Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.*

So when the Accused exercise "Involuntary Civil Commitment" or "Medical Jail", which JENSEN lovingly calls it the "clink box", and "Baker Act" in Florida, "5150" in Wisconsin, or "96 hour holds" in Missouri, Visitation is severely restricted to JENSEN by class or all patients so situated. When compared to the Intensive Care Unit of the Same Hospital System, these physically injured that require "intensive" care enjoy visitation hours such as 11am-8pm 7 days a week or an average of 62 hours of visitation per week. This contrasts with the "Behavior Health" Mental Health Facility that allows 1-2 hours, perhaps 4 hours maximum, per day but can be as restricted as just 2-3 hours per week. The Accused, on average, allow just 8 hours of visitation per week for families and friends to visit those receiving Mental Health Treatment. This constitutes an 87% reduction in "visitation time" between physical and mental treatment facilities whereas the Accused hospitals, en masse for all the patients, have decided all patients get more of a prison experience than a hospital experience. For justification, the Accused will, and have, cited that all their patients need to go to group meetings, eat, and shower at specific times; so they all must be treated the same despite a right to individual care in the least restrictive means.

**Americans with Disabilities Act - Subchapter III – Public Accommodations and Services**

The Accused, as Medical Treatment Facilities or Hospitals, are similarly restricted by 42 U.S. Code § 12182 which bans discrimination based on disability. JENSEN duplicates the above calculations and inferences with the conclusion that an 87% reduction in visitation hours for people simply for being mentally ill is unlawful.

The following Table shows the Party/Hospital, the Visitation Hours, then either the same entities visiting

hours for other medical fields or uses the average of the physical medical visitation hours to calculate the percentage of visitor hours of what normal persons in a hospital receive versus the mentally ill. Sometimes these hours are non-negotiable such as with Baycare Medical Group, so if a person has family or friends they want to visit but the visitor works during that hour or has any other prior commitment then they must choose between that commitment and visiting the patient at all. Of course, this is an aspect of care the Patient or Prisoner has no choice in the outcome.

Furthermore, the Accused do not have a consensus as to the importance of outside visitation amongst themselves and so the Accused cannot use Standards of Care as a Positive Defense as there is seemingly no Standard set.

| Party Name | Mental Health Facility Visitation Hours Description (Daily if unspecified) | Daily | Weekly Visitation Rights in Hours | Comparison Department Medical Treatment Visitation | Comparison Department V | Daily Hours | Weekly | MHPR%ON |
|---|---|---|---|---|---|---|---|---|
| Mercy Marian Center | 12PM-1PM & 7-8PM | 2 | 14 | ICU: | 10:00 AM-2:00 PM; 4:00 PM-6:00 PM; 8:00 PM-10:00 PM | 8 | 56 | 25.0% |
| Baycare Medical Group | 3PM-4PM | 1 | 7 | General visiting hours | 11AM to 8PM | 9 | 63 | 11.1% |
| Ascension All Saints Hospital | 6:30PM-8PM Mon-Fri; Sat-Sun 2-3:30PM + 6:30PM-8PM | 1.5 | 16.5 | Recommended visiting hours | 11 AM – 8:30 PM | 9.5 | 66.5 | 24.8% |
| Springbrook Hospital | Wed 7:15PM-8:15PM; Sat-Sun 2:30PM-3:30PM | 1 | 3 | AVERAGE OF OTHERS | | | 62.125 | 4.8% |
| North Tampa Behavior Health | Thurs 7:15 -8PM Sun 1:15PM-2:15PM | 1 | 1.75 | AVERAGE OF OTHERS | | | 62.125 | 2.8% |
| | Wed 7:30 -8:15PM Sat 1:15PM-2:15PM | 1 | 1.75 | AVERAGE OF OTHERS | | | 62.125 | 2.8% |
| | Tues 7:30-8:15PM SAT 3-4PM | 1 | 1.75 | AVERAGE OF OTHERS | | | 62.125 | 2.8% |
| | Mon 7:30-8:15; Sun 9:30-10:30AM | 1 | 1.75 | AVERAGE OF OTHERS | | | 62.125 | 2.8% |
| Virginia Hospital Center | Mon-Fri 5PM-7PM; Sat-Sun 4PM-8PM | 2 | 18 | Hospital Hours: | 11AM-8PM | 9 | 63 | 28.6% |
| Circles of Care | Tues-Sat 2PM-3:30PM + 6:30PM-8PM | 3 | 15 | AVERAGE OF OTHERS | | | 62.125 | 11.7% |
| | | | 8.05 | | | | | |

## CONCLUSION

Wherefore, JENSEN respectfully moves for all the aforementioned reasons and prays for such relief, to the Judge of Natural Law, that this Court to Order Declaratory Relief declaring the substandard Visitation

Hours of the Accused Unlawful Discrimination of the Mentally Ill and Counterproductive to a Patient Setting and Injunctive Relief enjoining the Accused and Similar Class Facilities from grossly minimizing the Rights of Mentally Ill Patients to Receive and Enjoy Visitation Rights.

Respectfully Submitted,

*/s/ Jason Jensen*

Jason A Jensen, Pro Se
6 Arrowhead Rd
Kimberling City, MO 65686
Phone: 402-598-1285
Email: jasonajensen@gmail.com
[JENSEN IS A RESIDENT OF FLORIDA WITHOUT A MAILING ADDRESS]

**CERTIFICATE OF SERVICE**

I, Jason A Jensen, do state as follows: I am relying on the Court to Grant In Forma Pauperis and Serve the Parties with the United States Marshall's Office under Rule 4(c)3.