UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON A. JENSEN,

    Plaintiff,

v.                                  Case No: 8:20-cv-337-T-30JSS

BAYCARE MEDICAL GROUP, CIRCLES
OF CARE, MERCY MARIAN CENTER,
ASCENSION ALL SAINTS HOSPITAL,
SPRINGBROOK HOSPITAL, NORTH
TAMPA BEHAVIORAL HEALTH and
VIRGINIA HOSPITAL CENTER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis. (Dkt. 2.) Upon consideration, it is recommended that the Motion be denied without prejudice and Plaintiff's Complaint be dismissed without prejudice.

**APPLICABLE STANDARDS**

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* As such, a court may not deny an *in forma pauperis* motion "without first comparing the applicant's assets and liabilities in

order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307–08); *see Miller v. U.S. Postal Serv.*, No. 8:13-CIV-952-T-17-AEP, 2013 WL 2250211, at *1 (M.D. Fla. May 22, 2013) (noting that the court will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess).

Further, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).

## ANALYSIS

Upon review of the Motion, it appears that Plaintiff is financially eligible to proceed *in forma pauperis* in this case. Nonetheless, the Court recommends dismissal of Plaintiff's Complaint without prejudice for the reasons that follow.

Plaintiff's Complaint, liberally construed, attempts to allege violations of Title II and Title III of the Americans with Disabilities Act. Plaintiff seeks declaratory and injunctive relief against seven mental healthcare facilities. (Dkt. 1.) Plaintiff alleges that the visitation hours at the mental healthcare facilities violate Title II and Title III of the ADA. (*Id.* at 2-6.)

Title II of the ADA prohibits a public entity from discriminating against "a qualified individual with a disability" because of the individual's disability. 42 U.S.C. 12132. To state a claim under Title II of the ADA, a plaintiff must show that: (1) plaintiff is a "qualified individual

with a disability"; (2) plaintiff was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by such entity; and (3) plaintiff's treatment was based on his or her disability.  *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001).  Title II defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. § 12131(2).

Title III of the ADA prohibits discrimination against the disabled in the full and equal enjoyment of public accommodations.  42 U.S.C. § 12182(a).  To state a claim under Title III, a plaintiff must show that: (1) plaintiff is disabled; (2) defendant is a place of public accommodation; and (3) plaintiff was denied full and equal enjoyment provided by the public accommodation because of plaintiff's disability.  *Schiavo ex rel. Schindler v. Schiavo*, 358 F. Supp. 2d 1161, 1165 (M.D. Fla. 2005).

Plaintiff fails to plead a prima facie case under the ADA.  Plaintiff fails to establish the cornerstone of an ADA case—discrimination based on a disability.  42 U.S.C. § 12102(1).  Specifically, although Plaintiff alleges that he was diagnosed with a mental health disorder (Dkt. 1 at 1-2), he does not allege that he is a "qualified individual with a disability," as required under Title II.  In addition, Plaintiff does not allege that he was ever a patient at any of the mental healthcare facilities, that he intends to return to any of the mental healthcare facilities, or that he suffered discrimination based on a disability.  Plaintiff's allegations are conclusory and insufficient to establish that he has standing, specifically that there is "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."  *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001); *see also Norkunas v. Seahorse NB, LLC*, 720 F. Supp. 2d 1313, 1316–17 (M.D.

Fla. 2010) (discussing factors courts consider in assessing the threat of future violations of the ADA). Thus, Plaintiff fails to allege a real and immediate threat of future injury required to establish standing in ADA cases seeking injunctive relief. When a plaintiff lacks standing, the Court lacks subject-matter jurisdiction to proceed. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam).

The Court also finds several procedural pleading deficiencies. First, Plaintiff's Complaint does not meet the pleading standards set forth in Federal Rule of Civil Procedure 8, requiring a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Second, a Complaint must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.* Failure to comply with these pleading rules may result in an impermissible "shotgun pleading." *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015) (explaining that a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" is an impermissible shotgun pleading).

The Eleventh Circuit has identified four general categories of shotgun pleadings. *Id.* at 1320–21. The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321.

The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22. The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief. *Id.* at 1322-23. The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

In this case, Plaintiff's Complaint falls primarily within the third and fourth categories of shotgun pleadings. Specifically, Plaintiff's Complaint does not include distinct counts for relief and instead consists of references to the limited visitation hours provided at several mental healthcare facilities coupled with conclusory statements that the facilities' visitation policies violate the ADA. *See Weiland*, 792 F.3d at 1323 n. 13. In addition, although Plaintiff appears to allege claims against seven defendants, the Complaint does not fully specify "which of the defendants are responsible for which acts or omissions, or which of the defendants [each] claim is brought against." *Weiland*, 792 F.3d at 1323 n. 14. Throughout the Complaint, Plaintiff makes allegations regarding "the Accused," with no specification as to which defendant the allegation relates. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged."). Thus, for all of the above reasons, Plaintiff's Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's construed Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted). It is recommended that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on April 15, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable James S. Moody, Jr.
Counsel of Record
Unrepresented Party